Gary R. and Kaelyn BISHOP
*v.*
DEPARTMENT OF REVENUE
(TC 3832)

James C. Griggs, Saafeld, Griggs, Gorsuch, Alexander & Emerick, P.C., Salem, represented plaintiffs (taxpayers).

Bonni C. Canary, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for plaintiffs rendered April 24, 1996.

**CARL N. BYERS, Judge.**

Plaintiffs, California residents, appeal from assessments of income taxes for 1988 arising from the sale of an interest in an Oregon limited partnership. The Department of Revenue (department) assessed the taxes on the ground that the situs of the partnership interest was in Oregon, making the gain realized on the sale taxable by Oregon. The matter is before the court on plaintiffs' cross Motion for Summary Judgment and the department's Partial [*sic*] Motion for Summary Judgment.

Effective November 1, 1985, plaintiff Gary Bishop (taxpayer) entered into an Oregon limited partnership agreement with four other parties. The limited partnership owned and operated a Christmas tree farm in Oregon. At the time of creation, the ownership of the partnership was as follows:

| NAMES OF PARTNERS | PARTNERSHIP INTEREST | % OF OWNERSHIP |
| --- | --- | --- |
| Gary Bishop | General Partner | 10% |
| Robert Stohr | General Partner | 40% |
| Gail Bishop | Limited Partner | 10% |
| Estate of Fred G. Peste | Limited Partner | 20% |
| Lillian Peste | Limited Partner | 20% |

In 1988, taxpayer wanted to sell half of his 10 percent general partnership interest to Lillian Peste. The written partnership agreement provided:

"11.1 Additional general partners may be admitted to the partnership upon such terms and conditions and as such times as the general partners may determine by an affirmative, unanimous vote and with the written consent

of those persons holding more than fifty percent (50%) of the capital accounts held by all limited partners."

"* * * * *

"17.1   A general partner shall not transfer or suffer the transfer of all or any part of his/her interest in the partnership, whether by sale, exchange, gift, assignment or otherwise, unless the general partners consent in writing."

Stohr, the only other general partner, refused to give his consent to the sale. The affidavits filed with taxpayer's motion indicate Stohr refused Lillian Peste because (1) she had no experience in operating a Christmas tree farm and (2) he wanted to continue to control the partnership. Stohr did agree to taxpayer selling one-half of his general partnership interest if he first converted it to a limited partnership interest.

All of the partners consented to conversion of the general partnership interest to a limited partnership interest. Upon conversion, Lillian Peste purchased one-half of the five percent, or 2.5 percent of the partnership, and Stohr purchased the other 2.5 percent. Taxpayer retained a five percent general partnership interest.

Taxpayer reported a long-term gain of $416,787 on his 1988 federal income tax return. However, he excluded this gain from his Oregon return as not taxable. He believed that, as a nonresident, the limited partnership interest he sold did not have a situs in Oregon. The department audited and adjusted taxpayer's Oregon return, assessing the tax on the ground that taxpayer actually sold a general partnership interest which did have a situs in Oregon.

## ISSUE

Is the gain from the sale of taxpayer's interest in the partnership subject to taxation by Oregon?

## COURT'S ANALYSIS

ORS 316.127[1] governs the taxable income of nonresidents "derived from sources within this state." In addition to

---

[1] All references to Oregon Revised Statutes are to the 1987 Replacement Part.

listing the types and forms of income, ORS 316.127(3) provides:

> "Income from intangible personal property, including annuities, dividends, interest and gains from the disposition of intangible personal property, constitutes income derived from sources within this state only to the extent that such income is from property employed in a business, trade, profession or occupation carried on in this state."

■■ The parties are in agreement on two general principles. First, a general partnership interest has a situs in Oregon because, by definition, it is intangible personal property used in a trade or business. Second, a limited partnership interest has no situs in Oregon unless it is employed in a business. Because a limited partnership interest confers no right to control or management and no right to specific partnership assets, it is similar to a bond or a share of stock. Unless it is actually employed in a business, *e.g.*, by being pledged as security, it does not have a situs in Oregon. Consequently, gain realized on the sale of an Oregon limited partnership interest by a nonresident generally will not have its source in Oregon.[2]

■ In this case, the focus of the dispute is on the character of the interest sold. The department contends that taxpayer's ownership of the remaining five percent general partnership interest taints the limited partnership interest and causes it to have an Oregon situs. Situs, like guilt, should not be attributed by association. The statutes do not attribute the characteristics of a general partnership interest to a limited partnership interest. ORS 316.127 requires the employment of a limited partnership interest in a business for it to have a situs in Oregon. Here, the limited partnership interest in question was not pledged, used, or relied upon by taxpayer in the conduct of any business. The statute recognizes a distinction between the two kinds of partnership interests even when held by the same person. *See* ORS 70.190.

The department also contends the step transaction doctrine must be applied and, when applied, leads inexorably

---

[2] The court does not express any opinion regarding the impact of ORS 314.635(4), as amended by Oregon Laws 1989, chapter 625, section 64, on tax years subsequent to 1988.

to the conclusion that what really was sold was a general partnership interest. The department points out that the conversion of the general partnership interest to a limited partnership interest occurred in the same document and on the same day as the sale of the interest. Because the two transactions occurred in the same document, the department believes what actually was sold was a general partnership interest.

The department's assertion is contrary to the undisputed facts. Taxpayer tried to sell a general partnership interest but was unable to obtain the consent of the other general partner. Taxpayer was required to convert his general partnership interest to a limited partnership interest before selling it.

■ The department ignores the fact that taxpayer gave up significant rights by converting his general partnership interest to a limited partnership interest. He gave up the ability to exercise management and control of the partnership, and he gave up an interest in specific partnership assets. Those rights disappeared with the conversion to a limited partnership interest. After the conversion, the interest was only a limited partnership interest, something different and less than what taxpayer had before. The step transaction doctrine is not applicable here because there was in substance and form a significant change in the interests of the parties.

■ What defendant seeks is not to collapse a transaction but to reverse its sequence. Defendant argues that the sale should be treated as the sale of a general partnership interest. This position necessarily implies that the general partnership interest was, after the sale, converted to a limited partnership interest. Defendant's position therefore accepts both steps in the transaction; it merely seeks to reverse their order. This is not an acceptable application of the step transaction doctrine. Courts will not use the doctrine to rearrange what actually occurred. *Greene v. U.S.*, 13 F3d 577, 94-1 USTC (CCH) ¶ 50,022 (2d Cir 1994).

The department is apparently concerned that the situs of a partnership interest may be shifted from in-state to

out-of-state by agreement. However, that shift can only follow if there has been a significant change in the interests owned by the taxpayers, the shift flowing from the nature of the transaction. Now, therefore,

IT IS ORDERED that taxpayers' Motion for Summary Judgment is granted and,

IT IS FURTHER ORDERED that department's Partial [sic] Motion for Summary Judgment is denied. Plaintiffs to recover costs and disbursements including reasonable attorney's fees.