IN THE TAX COURT OF THE
STATE OF OREGON

CRIV INVESTMENTS, INC.

*v.*

DEPARTMENT OF REVENUE

(TC 4046)

Bruce H. Cahn, Bogel & Gates, Portland, and John T. Piper, specially appearing, Bogel & Gates, Seattle, Washington, represented plaintiff (taxpayer).

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered April 23, 1997.

**CARL N. BYERS, Judge.**

Taxpayer appeals an assessment of additional income taxes for the 1990 tax year and the denial of refunds for taxes paid for 1989 and 1990. Taxpayer claims that, as a

nonresident limited partner, it is not subject to tax by Oregon. The matter was submitted to the court on cross motions for summary judgment. Although the parties do not agree on all of the facts, they agree there is no dispute of material fact. The court has considered the written and oral arguments of the parties.

## FACTS

Taxpayer is a Texas corporation headquartered in that state. It is an investment corporation with investments in over 500 limited partnerships, all engaged in real estate investment activities. During 1989 and 1990, taxpayer was a limited partner in six and eight Oregon limited partnerships respectively. Taxpayer held a five percent interest in these partnerships.Taxpayer paid Oregon corporate income taxes for 1989 and 1990. The department assessed additional taxes, penalties, and interest for 1990. Taxpayer appealed the assessment and requested refunds for 1989 and 1990. Taxpayer claims that, as a nonresident limited partner which is not involved in management of the partnerships, it is not subject to taxation by the State of Oregon. *Citing Bishop v. Dept. of Rev.*, 13 OTR 472 (1996), taxpayer claims it is not taxable because its limited partnership interest lacks a situs in Oregon.

## ISSUE

Are nonresident, corporate, limited partners of partnerships operating in Oregon subject to taxation by Oregon on their distributive shares of partnership income?

## ANALYSIS

■ ORS 314.712(1)[1] provides for the taxation of partners on their distributive shares of partnership income. It states:

"Except as provided in ORS 314.722, a partnership as such is not subject to the tax imposed by ORS chapter 316, 317 or 318. * * * Persons carrying on business as partners are liable for the tax imposed by ORS chapter 316, 317 or *318* on their distributive shares of partnership income only

---

[1] All federal and state statutory references are to 1989.

in their separate or individual capacities." (Emphasis added.)

ORS chapter 316 imposes a personal income tax, ORS chapter 317 imposes an excise tax on corporations doing business within Oregon, and ORS chapter 318 imposes a corporate income tax.

■      The purpose of ORS chapter 318 is "to impose a corporate tax measured by net income upon all corporations not subject to the corporation excise tax." *Amer. Refrig. Trans. Co. v. Commission*, 1 OTR 429, 434 (1963), *rev'd on other grounds* 238 Or 340, 395 P2d 127 (1964). ORS 318.020 provides:

> "(1)   There hereby is imposed upon every corporation for each taxable year a tax * * * upon its Oregon taxable income derived from sources within this state * * *.
>
> "(2)   Income from sources within this state includes income from tangible or intangible property located or having a situs in this state and income from any activities carried on in this state, regardless of whether carried on in intrastate, interstate or foreign commerce."

■      Taxpayer was a limited partner in partnerships engaged in real estate activity in Oregon. Taxpayer's partnership income was derived from activities carried on in Oregon. The income is, therefore, taxable by Oregon.

Taxpayer contends that, as a nonresident limited partner, its limited partnership interests do not have a situs in Oregon. Relying on *Bishop*, taxpayer concludes that it is not subject to taxation. However, in reaching that conclusion, taxpayer ignores some important differences.

*Bishop* is distinguishable from the present case on several points. First, *Bishop* was decided under ORS chapter 316 because the taxpayer was an individual rather than a corporation. The statute defining Oregon source income for a nonresident individual, ORS 316.127(3), is different from ORS 318.020, which defines Oregon source income for a nonresident corporation.

Second, in *Bishop,* the income was not created by the partnership's activities in Oregon, but by sale of the partnership interest. The applicable statute, ORS 316.127(3), provided that income from intangible property is Oregon source income for a nonresident individual only if the property is employed in a trade or business carried on in this state. Because the taxpayer's interest was not employed in a business within Oregon, gain realized on the sale of that interest was not taxable by Oregon.

Here, the income in question was earned from the activity of the partnership in Oregon. When the income is distributable partnership income, it is immaterial that taxpayer is a limited rather than a general partner. ORS 314.712 provides that "partners" are subject to the tax imposed by ORS chapter 318. ORS 314.011(2) states:

> "As used in ORS * * * 314.712 * * * any term has the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required or the term is specifically defined in this chapter."

The comparable federal statute defines a partner as "a member of a partnership." IRC § 761(b); Treas Reg § 1.701-1. This definition encompasses both general and limited partners. Consequently, when ORS 314.712(1) provides that partners are subject to the tax imposed by ORS chapter 318, it is referring to all partners.

Taxpayer is taxable by Oregon on its distributive share of the several partnerships' income.[2] Although its activities may not rise to the level of "doing business" within Oregon, it is sufficiently connected to Oregon because it is a limited partner in partnerships doing business within Oregon, and it is realizing income from this activity. Now, therefore,

---

[2] Oregon's taxation of nonresident corporate limited partners is not a novel idea. As one commentator noted:

> "In most states, a corporate partner in a partnership doing business in the State is subject to the State's corporate income or franchise tax on its distributive share of the partnership income, even if the corporate partner has no other ties to the State. * * * The States generally apply this rule to limited corporate partners as well as to general partners." Jerome R. Hellerstein and Walter Hellerstein, I *State Taxation-Corporate Income and Franchise Taxes* ¶ 6.09 (2d ed 1993) (footnotes omitted).

IT IS ORDERED that the department's Motion for Summary Judgment is granted, and

IT IS FURTHER ORDERED that taxpayer's Motion for Summary Judgment is denied.